IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRY LEE BATTLE, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:23-CV-00487-TES-MSH |
| VS. | : | |
| | : | |
| CHARLES M. MIMS, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER OF DISMISSAL

*Pro se* Petitioner Terry Lee Battle has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1979 conviction for Burglary in the Superior Court of Bibb County, Georgia. [Doc. 1]. A review of this Court's records reveals that Petitioner has filed previous federal habeas corpus petitions challenging this same conviction. *See Battle v. Doe*, Case No. 5:18-cv-00243-TES-CHW (M.D. Ga. Oct. 19, 2018) (dismissed as an impermissible successive petition); ECF No. 25 in *Battle v. Johnson*, Case No. 5:16-cv-00163-MTT-CHW (M.D. Ga. Jan. 26, 2017) (dismissing petition challenging 1979 burglary conviction as successive and noting that Petitioner's first federal habeas corpus petition challenging this same conviction was dismissed pursuant to § 2254(b) in *Battle v. Thomas*, Case No. 89-415-1-MAC (WDO) (M.D. Ga. Sept. 20, 1990).

"Before a second or successive application [for a writ of habeas corpus] is filed

in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).  The instant Petition is considered successive within the meaning of § 2244(b).  *See, e.g., Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009) (noting that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the requirements for authorization under § 2244").  It does not appear,[1] and Petitioner does not allege, that he has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a successive habeas petition for his 1979 conviction. Without such an order, this Court lacks jurisdiction to consider the successive claims. *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933–34 (11th Cir. 2001) (per curiam).

It is therefore **ORDERED** that the instant Petition be **DISMISSED** without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3). The Clerk is **DIRECTED** to furnish Petitioner with the application form required by the Eleventh

---

[1] Indeed, the Eleventh Circuit has repeatedly denied Petitioner leave to file a second or successive petition. *See In re: Battle*, Appeal No. 18-14634 (11th Cir. Nov. 21, 2018); *In re: Battle*, Appeal No. 17-10629 (11th Cir. Mar. 7, 2017).

Circuit.[2] Petitioner's pending Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3] is **DENIED as moot**.

**SO ORDERED**, this 8th day of December, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III., JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c).  Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary.'" *Bolin v. Sec'y, Fla. Dep't of Corrs.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.